UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

FRANK O'BRYANT,

Defendant.

---

16-CR-317-3 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

On April 13, 2017, defendant Frank O'Bryant was sentenced principally to a term of imprisonment of 120 months. Dkt. 365.

On February 6, 2024, O'Bryant, *pro se*, moved for a reduction of his sentence, pursuant to Amendment 821 of the Sentencing Guidelines. Dkt. 809. On February 29, 2024, defense counsel submitted a letter in support of such a reduction, Dkt. 826, having been reappointed by the Court for this purpose, Dkt. 803. On March 10, 2024, the Government filed a letter, agreeing that O'Bryant is eligible for a reduction of sentence under Amendment 821, stating that it favored a reduction of sentence to one within the newly calculated Guidelines range, and recommending a sentence of 114 months' imprisonment. Dkt. 828. The Probation Department has likewise determined that O'Bryant is eligible for an adjustment of his Guidelines range based on Amendment 821. Dkt. 788.

All parties thus agree that O'Bryant is eligible for a sentence reduction under Amendment 821; that, under that Amendment, his Criminal History Category, which as of sentencing was calculated as level III, is now level II; and that, at offense level 23 and criminal history II, his Guidelines range on Count One would now be 51–63 months' imprisonment,

1

rather than the range calculated at the time of sentencing, of 57–71 months' imprisonment. The parties also agree that, as at the original sentencing, a mandatory consecutive sentence of 60 months' imprisonment must be imposed on Count Two, making O'Bryant's effective Guidelines range today 111–123 months' imprisonment, rather than the range, 117–131 months' imprisonment, calculated at the time of sentencing. The Court finds that O'Bryant is eligible for a sentence reduction and adopts the above calculations as to his Guidelines range.

All parties further agree that the Court has the latitude, under Amendment 821, to reduce O'Bryant's sentence on Count One to 51 months' imprisonment and thus to reduce his overall sentence to 111 months' imprisonment. The defense recommends such a reduction, *see* Dkts. 809, 826, and the Government favors a lesser reduction, to a sentence of 114 months' imprisonment, *see* Dkt. 828 at 1, 3.

The Court has reviewed the record in this case, including the sentencing judge's assessment of the just and reasonable sentence at the time of sentencing; the factors addressed in defense counsel's recent memorandum, including O'Bryant's impressive work record in prison and the significant number of courses he has successfully completed in prison; and the fact that O'Bryant's prison sentence overlapped entirely with the challenging first year of the COVID-19 pandemic, early in which, and well before vaccinations were available, O'Bryant contracted COVID-19, *see* Dkt. 736 at 2. Considering the revised Sentencing Guidelines range and all 18 U.S.C. § 3553(a) factors, the Court is persuaded that a reduction of O'Bryant's sentence to 111 months' imprisonment is justified, and that such a sentence is consistent with the § 3553(a) factors taken as a whole, including protection of the public.

Having considered the record in this case and the parties' arguments, it is ORDERED that defendant O'Bryant's term of imprisonment is reduced to 111 months' imprisonment, to be

comprised of a sentence of 51 months on Count One and 60 months on Count Two, these terms to run consecutively. All other components of the sentence remain as originally imposed.

The Court directs O'Bryant's counsel to mail a copy of this order to O'Bryant, and to notify him of it, forthwith.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: March 12, 2024
       New York, New York